IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA YUHRE, ) | |
| ) | |
| Plaintiff, ) | 2:09-cv-02369-GEB-JFM |
| ) | |
| v. ) | ORDER DISMISSING PLAINTIFF'S |
| ) | FEDERAL CLAIMS AND DECLINING |
| JP MORGAN CHASE BANK FKA ) | TO EXERCISE SUPPLEMENTAL |
| WASHINGTON MUTUAL, AMERICAN ) | JURISDICTION OVER PLAINTIFF'S |
| MORTGAGE NETWORK, INC,; MORTGAGE ) | STATE LAW CLAIMS |
| ELECTRONIC REGISTRATION SYSTEMS, ) | |
| INC.; KEVIN R. COOPER DBA FUNDING; ) | |
| KEVIN R. COOPER and NORMAN J. ) | |
| SCHRIEVER, ) | |
| ) | |
| Defendants. ) | |

JPMorgan Chase Bank, N.A. ("JPMorgan") and Mortgage Electronic Registration Systems, Inc. ("MERS") filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's first amended complaint.[1] (Docket No. 17.) American Mortgage Network, Inc. ("Amnet") also filed a dismissal motion under Federal Rule of Civil Procedure 12(b)(6) and a motion to strike certain portions of Plaintiff's complaint under Federal Rule of Civil Procedure 12(f). (Docket Nos. 22, 23.) Plaintiff only opposes JPMorgan and MERS' dismissal motion. For the reasons stated below, Plaintiff's federal claims are dismissed with prejudice and the court, under 28 U.S.C. §

---

[1] JPMorgan asserts that it has been "erroneously sued as JPMorgan Chase FKA Washington Mutual bank." (Not. of Mot. to Dismiss 2:3-4.)

1

1367(c)(3), declines to continue exercising supplemental jurisdiction over Plaintiff's remaining state law claims.

## I.    LEGAL STANDARD

A Rule 12(b)(6) motion "challenges a complaint's compliance with . . . pleading requirements." Champlaie v. BAC Home Loans Servicing, LP, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D. Cal. Oct. 22, 2009).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Further, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  Plausibility, however, requires more than "a sheer possibility that a defendant has acted unlawfully." Id.  "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotations and citation omitted).

1    In evaluating a dismissal motion under Rule 12(b)(6), the
2 court "accept[s] as true all facts alleged in the complaint, and
3 draw[s] all reasonable inferences in favor of the plaintiff." Al-Kidd
4 v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).  However, neither
5 conclusory statements nor legal conclusions are entitled to a
6 presumption of truth.  See Iqbal, 129 S. Ct. at 1949-50.
7    Both Plaintiff and Defendants request that the court
8 consider certain documents outside of the pleadings.  Specifically,
9 JPMorgan and MERS request that the court take judicial notice of a
10 deed of trust recorded July 31, 2006 with the Sacramento County
11 Recorder's Office.  (JPMorgan and MERS' Request for Judicial Notice
12 ("RJN") Ex. 1.)  Amnet also requests that the court consider the same
13 deed of trust as well as an Interest Only Adjustable Rate Note dated
14 July 26, 2006 and signed by Plaintiff, a Truth-in-Lending Disclosure
15 Statement dated July 26, 2006 and signed by Plaintiff and a Notice of
16 Right to Cancel dated July 26, 2006 and signed by Plaintiff.  (Amnet
17 RJN Ex. A-D.)  Plaintiff does not oppose the consideration of these
18 documents and submits her own request that the court take judicial
19 notice of a law review article entitled "The Great Collapse: How
20 Securitization Caused the Subprime Meltdown" and a copy of a mortgage
21 loan statement dated April 13, 2009.  (Pla.'s RJN Ex. 1-2.)
22    "As a general rule, a district court may not consider any
23 material beyond the pleadings in ruling on a Rule 12(b)(6) motion."
24 Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)
25 (quotations and citation omitted).  There are, however, two exceptions
26 to this general rule.  Id.  First, the "incorporation by reference"
27 doctrine permits a district court "to take into account documents
28 'whose contents are alleged in a complaint and whose authenticity no

party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (quotations and citations omitted). This doctrine is also applicable "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Id. (quotations and citations omitted). Therefore, a document is "incorporated by reference" into a complaint only if: "(1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the document." Delaney v. Aurora Loan Servicing, Inc., No. C 09-3131 VRW, 2009 WL 5062339, at *2 (N.D. Cal. Dec. 23, 2009) (citing Branch v. Tunnell, 14 F.3d 449, 453-454 (9th Cir. 1994)).

        The second exception allows consideration of facts which may be judicially noticed. See Mack v. S. Bay Beer Distribs., Inc., 789 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by, Astoria Fed. Sav. And Loan Ass'n v. Solimino, 501 U.S. 104 (1991) (stating that "[o]n a motion to dismiss . . . a court may take judicial notice of facts outside the pleadings."). A fact may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

        Since the deed of trust is a publically recorded document, it may be judicially noticed and Defendants' request that it be considered is granted. See W. Fed. Sav. & Loan Ass'n v. Heflin Corp.,

797 F. Supp. 790, 792 (1992) (taking judicial notice of documents in a county's public record, including deeds of trust).

Amnet argues the other documents it has submitted may be considered since they are referred to in Plaintiff's first amended complaint or form the basis of Plaintiff's claims. Plaintiff's first amended complaint makes multiple references to the "Promissory Note" executed on July 26, 2006 between Plaintiff and Amnet as well as the "TILA disclosure" and "Notice of Right to Cancel." (First Amended Compl. ("FAC") ¶¶ 30, 32, 42, 44, 59, 61.) Further, these documents and their contents, are central to Plaintiff's claims and she does not dispute the authenticity of the documents Amnet submitted. Therefore, Amnet's request for judicial notice of these documents is granted.

Plaintiff's request for judicial notice, however, is denied since neither the article nor mortgage loan statement are facts subject to judicial notice nor incorporated into the complaint by reference.

## II. BACKGROUND

Plaintiff alleges that in April 2006, defendant Norman Schriever, a loan officer for defendant Streamline Funding, approached her and solicited her to refinance her property. (FAC ¶ 26.) Shriever allegedly represented that "he could get [Plaintiff] the 'best deal' and the 'best interest rates' available on the market." (Id. ¶ 27.) Defendant Shriever also allegedly "advised Plaintiff that if the loan ever became unaffordable, he would simply refinance it into an affordable loan . . . ." (Id. ¶ 28.)

On or about July 26, 2006, Plaintiff obtained a loan of $242,000.00 from Amnet. (Id. ¶ 32; Amnet RJN A.) The terms of the loan were memorialized in an Interest Only Adjustable Rate Note (the

"Note"), which was secured by a deed of trust recorded against the real property located at 9558 Big Timber Drive in Elk Grove, California.  (Id.)  The deed of trust identifies Amnet as the lender, First American Title Insurance Company as the trustee, and MERS as beneficiary and the nominee for the lender and the lender's successors and assigns.  (Amnet RJN B.)  Plaintiff, however, alleges she was not given a "a copy of any of the loan documents prior to [the] closing [and] [a]t the closing, Plaintiff was only given a few minutes to sign the documents."  (FAC ¶ 30.)  Further, Plaintiff alleges she was not allowed to review the loan documents and "was simply told to sign and initial the documents provided by the notary."  (Id.)  Plaintiff also alleges that the "deed of trust must fail" since MERS "is not licensed to be and/or act as a nominee or a beneficiary of any of the Defendants . . . ."  (Id. ¶ 33.)

Plaintiff filed her initial complaint in this federal court on August 25, 2009, alleging nine claims under federal and California law against six named defendants.  JPMorgan and MERS filed a motion to dismiss Plaintiff's original complaint on September 29, 2009; Amnet also filed a dismissal motion on October 9, 2009.  Both dismissal motions, however, were mooted when Plaintiff filed a first amended complaint on October 23, 2009.  This amended complaint is the subject of Defendants' pending dismissal motions.

### III.  DISCUSSION
#### A.  Federal Claims
**1. Truth in Lending Act Claims**

Amnet argues that Plaintiff's Truth in Lending Act ("TILA") claims should be dismissed.  Specifically, Amnet contends that

Plaintiff's TILA damages claim and TILA rescission claims are both barred by the applicable statute of limitations.

### a. TILA Damages Claim

TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635, 1638)). Failure to satisfy TILA's disclosure requirements subjects a lender to "statutory and actual damages traceable to a lender's failure to make the requisite disclosures . . . ." Id. (citing 15 U.S.C. § 1640(e)). TILA, however, imposes a one-year statute of limitations within which a claim for damages "may be brought." 15 U.S.C. § 1640(e). "[A]s a general rule[,] [this] limitations period starts [to run] at the consummation of the transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). "Consummation" is defined under TILA as "the time that a consumer becomes contractually obligated on a credit transaction." Grimes v. New Century Mortgage Corp., 340 F.3d 1007, 1009 (9th Cir. 2003) (quoting 12 C.F.R. § 226.2(a)(13)).

Here, Plaintiff became "contractually obligated on a credit transaction" on July 26, 2006, when she executed the Note. (Amnet RJN A; FAC ¶ 32.) The statute of limitations for bringing her TILA damages claim, therefore, expired one-year later on July 26, 2007. Plaintiff, however, did not file her initial complaint in this action until August 25, 2009, well outside of the limitations period. Therefore, Plaintiff's TILA damages claim is barred by the one-year statute of limitations.

1  Since Plaintiff has already amended her complaint once,
2 failed to indicate that the doctrine of equitable tolling applies and
3 has not opposed dismissal of this claim, Plaintiff's TILA damages
4 claim is dismissed with prejudice.

     **b.  TILA Rescission Claim**

6  "Under TILA, a borrower has three business days following
7 the consummation of a loan transaction to rescind the transaction."
8 <u>Burch v. GMAC Mortgage, LLC</u>, No. C-09-4214 MMC, 2010 WL 934088, at *1
9 (N.D. Cal. Mar. 15, 2010) (citing 15 U.S.C. § 1635(a)).  "A borrower's
10 right of rescission is extended to three years, however, if the lender
11 (1) fails to deliver to the borrower 'all material disclosures,' <u>see</u>
12 12 C.F.R. § 226.23(a)(3), or (2) fails to deliver to the borrower 'two
13 copies of [a] notice of the right to rescind,' <u>see</u> 12 C.F.R. §§
14 226.23(a)(3), 226.23(b)(1)."  <u>Id.</u>  The three-year limitations period
15 in section 1635(f) "represents an absolute limitation on rescission
16 actions [and] bars any claims filed more than three years after the
17 consummation of the transaction.  Therefore, § 1635(f) is a statute of
18 repose, depriving the courts of subject matter jurisdiction when a §
19 1635 claim is brought outside of the three-year limitation period."
20 <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1164 (9th Cir. 2002)
21 (quotations and citation omitted).

22  Plaintiff's loan was "consummated" on July 26, 2006.  (Amnet
23 RJN Ex. A.)  Therefore, the three-year statue of limitations expired
24 on July 26, 2009.  Plaintiff, however, did not file her initial
25 complaint in this action until August 25, 2009.  Plaintiff does not
26 otherwise allege that she exercised her right to rescind within the
27 limitations period by "notif[ying] the creditor of the rescission by
28 mail, telegram or other means of written communication."  12 C.F.R. §

226.23(a)(2) (prescribing how a consumer may effectuate rescission); see also Santos v. Countrywide Home Loans, No. 1:09-CV-00912-AWI-SM, 2009 WL 2500710, at *4 (E.D. Cal. Aug. 14, 2009) (noting that some courts "in addressing TILA rescission claims have focused on timely written notice as the key to exercising a consumer's right to rescission."). Rather, Plaintiff alleges that she "gives notice of rescission by and through [her] First Amended Complaint." (FAC ¶ 60.) "Because [Plaintiff] did not attempt to rescind . . . within the three-year limitation period, her right to rescind [has] expired" and the court lacks subject matter jurisdiction over her claim. Miguel, 309 F.3d at 1164-65.

Since Plaintiff has already been provided with the opportunity to amend her complaint and she has not opposed Amnet's motion, further amendment would be futile and Plaintiff's TILA rescission claim is dismissed with prejudice. See Gates v. Wachovia Mortgage, FSB, No. 2:09-cv-02464 FCD/EFB, 2010 WL 902818, at *4 (E.D. Cal. Feb. 19, 2010) (dismissing with prejudice TILA rescission claim that was filed outside of three-year limitations period).

**2. Real Estate Settlement Procedures Act Claims**

    **a. Claims Alleged Against Amnet**

Ament argues that Plaintiff's claim alleged under the Real Estate Settlement Procedures Act ("RESPA") should be dismissed since "(i) the claim is barred by either the one or three year statute of limitations (12 U.S.C. § 2614); (ii) [P]laintiff fails to plead facts sufficient to constitute a claim for relief; and (iii) [P]laintiff fails to plead the required elements." (Amnet Mot. to Dismiss 2:14-18.)

Plaintiff's first amended complaint alleges that Amnet violated various requirements imposed by section 2605 and section 2607 of RESPA. Specifically, Plaintiff pleads while she "is not certain at this time exactly which of Defendants was actually the servicer of [her] Loan at any given time, [p]ursuant to 12 U.S.C. §§ 2605(b) and 2605(c), . . . [Amnet] . . . had a statutory obligation to notify Plaintiff, within 15 days, of the assignment, sale or transfer of the servicing rights to Plaintiff's loan." (FAC ¶ 86.) Further, Plaintiff alleges that Amnet and JPMorgan failed to provide Plaintiff notice of the assignment, sale, or transfer of servicing rights to Plaintiff's loan." (Id.) Plaintiff also alleges Amnet "violated RESPA at the time of the closing of the Loan . . . by failing to correctly and accurately comply with the disclosure requirements of 12 U.S.C. § 2601 et seq. and Regulation X." (Id. ¶ 87.) Lastly, Plaintiff alleges that Amnet "further violated 12 U.S.C. § 2607 by receiving 'kickbacks' or referral fees disproportional to the work performed." (Id. ¶ 89.) "As a result of . . . [Amnet's alleged] failure to comply with RESPA, Plaintiff [alleges she] has suffered and continues to suffer damages and costs of suit." (Id. ¶ 93.)

### i. Claims Alleged Under Section 2605

Plaintiff alleges Amnet violated various provisions of section 2605, including subsections (a), (b) and (c).[2] Section 2605(f) imposes liability on loan servicers for actual and statutory damages for any failure to make the specific disclosures required

---

[2] Plaintiff's allegation that "[Amnet] violated RESPA at the time of the closing . . . by failing to correctly and accurately comply with the disclosure requirements" is interpreted as alleging a violation of section 2605(a).

10

under section 2605.  12 U.S.C. § 2605(f).  Specifically, section 2605(f) provides:

> Whoever fails to comply with any provision of [section 2605] shall be liable to the borrower for each such failure to the following amounts . . . . In the case of any action by an individual, an amount equal to the sum of – (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.

12 U.S.C. § 2605(f)(1)(A),(B).

Plaintiff does not allege Amnet engaged in a "pattern or practice of noncompliance" and therefore has not stated a claim for statutory damages.  See Lal v. Am. Home Servicing, Inc., No. 2:09-cv-01585 MCE-DAD,  --- F. Supp. 2d ----, 2010 WL 225524, at *4 (E.D. Cal. Jan. 19, 2010) (stating that "[t]o recover statutory damages, Plaintiffs must plead some pattern or practice of noncompliance with RESPA.").

While section 2605(f)(1)(A) "does not explicitly make a showing of damages part of the pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim [for actual damages under section 2605 of RESPA]."  Pok v. Am. Home Mortgage Servicing, Inc., No. CIV 2:09-2385 WBS EFB, 2010 WL 476674, at *5 (E.D. Cal. Feb. 3, 2010) (quoting Allen v. United Fin. Mortgage Corp., 2009 WL 2984170, at *5 (N.D. Cal. Sept. 15, 2009)).  "[A]lleging a breach of RESPA duties alone does not state a claim under RESPA.  Plaintiff must, at a minimum, also allege that the breach resulted in actual damages."  Id. (quoting and citing Hutchinson v. Del. Sav. Bank FSB, 410 F. Supp. 2d 374, 383 (D.N.J. 2006)); see also Lal, 2010 WL 225524 at *4 (finding that a plaintiff

11

alleging a RESPA claim under section 2605 must allege a loss related to the RESPA violation); Allen, 660 F. Supp. 2d at 1097 (requiring plaintiff to allege pecuniary loss to state a RESPA claim for actual damages); Singh v. Washington Mut. Bank, No. C-09-2771 MMC, 2009 WL 2588885, at *5 (N.D. Cal. Aug. 19, 2009) (dismissing RESPA claim since "plaintiffs have failed to allege they suffered any actual damages as a result" of defendants' alleged RESPA violation). This pleading requirement, however, is interpreted liberally. Yulaeva v. Greenpoint Mortgage Funding, Inc., No. CIV S-09-1504 LKK/KJM, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 3, 2009). Nonetheless, "the loss alleged must be related to the RESPA violation itself." Lal, 2010 WL 225524, at *4. Further, "simply having to file suit [does not suffice] as a harm warranting actual damages. If such were the case, every RESPA suit would inherently have a claim for damages built in." Id.

        Plaintiff merely alleges that as a result of Amnet's alleged RESPA violations, "[she] has suffered and continues to suffer damages and costs of suit." (FAC ¶ 93.) "Even under a liberal pleading standard for harm, this level of generality fails." Pok, 2010 WL 476674, at *5 (finding same allegation of harm insufficient to state a section 2605 claim for actual damages); see also Lal, 2010 WL 225524, at *4 (stating that "simply having to file suit [does not] suffice" to state a section 2605 claim for actual damages).

        Since Plaintiff has already amended her complaint once and has presented no opposition to the dismissal of this claim, Plaintiff's section 2605 claims for actual and statutory damages alleged against Amnet are dismissed with prejudice.

//
//

### ii. Claim Alleged Under Section 2607

Amnet argues that Plaintiff's RESPA claim alleged under section 2607 should also be dismissed because it is barred by the one-year statute of limitations in section 2614. Section 2614 provides that a claim for a violation of section 2607 "may be brought . . . [within] 1 year . . . from the date of the occurrence of the violation . . . ." 12 U.S.C. § 2614.

"The primarily ill that § 2607 is designed to remedy is the potential for unnecessarily high settlement charges, . . . caused by kickbacks, fee-splitting, and other practices that suppress price competition for settlement services. This ill occurs, if at all, when the plaintiff pays for the tainted service, typically at the closing." Jensen v. Quality Loan Serv. Corp., No. 09-CV-01789 OWW-DLB, 2010 WL 1136005, at *10 (E.D. Cal. Mar. 22, 2010) (quoting Snow v. First Am. Title Ins. Co., 332 F.3d 356, 359-60 (5th Cir. 2003)). Therefore, "[b]arring extenuating circumstances, the date of the occurrence of the violation is the date on which the loan closed." Ayala v. World Sav. Bank, FSB, 616 F. Supp. 2d 1007, 1020 (C.D. Cal. 2009) (quoting Bloom v. Martin, 865 F. Supp. 1386-87 (N.D. Cal. 1994), aff'd by, 77 F.3d 318 (9th Cir. 1996)); see also Jensen, 2010 WL 1136005, at *10 (stating that "courts have considered the 'occurrence of the violation' as the date the loan closed."); Finley v. LaSalle Bank Nat. Ass'n, No. C 09-2965 SI, 2009 WL 3401453, at *2 n.3 (N.D. Cal. Oct. 20, 2009) (noting that the one-year statute of limitations period for a section 2607 claim began to run when plaintiff signed loan documents).

Plaintiff signed the Note for her mortgage loan on July 26, 2006 but did not file her initial complaint until August 25, 2009.

13

1  Therefore, Plaintiff's section 2607 claim is time-barred.  Since
2  Plaintiff has already amended her complaint once, has not indicated
3  that the doctrine of equitable tolling is applicable, and she has not
4  opposed dismissal of this claim, Plaintiff's section 2607 RESPA claim
5  alleged against Amnet is dismissed with prejudice.

### b. Claims Against JPMorgan

JPMorgan and MERS argue that Plaintiff's RESPA claims alleged against JPMorgan should be dismissed because JPMorgan has no connection to Plaintiff's loan; Plaintiff has not alleged any actual damages; and the statute of limitations has expired for any violation alleged under section 2605.  Plaintiff responds she has properly stated a claim for violations of section 2605(e)(2) and sections 2605(b) and (c).[3]

Plaintiff alleges JPMorgan violated various subsections of section 2605, including (b), (c), and (e).  However, again, Plaintiff's only allegation of actual damage resulting from JPMorgan's alleged RESPA violations is that she "has suffered and continues to suffer damages and costs of suit."  (Id. ¶93.)  For the reasons discussed above in the decision on Plaintiff's section 2605 claims alleged against Amnet, Plaintiff's allegation of actual harm is insufficient to state a section 2605 claim against JPMorgan.

In their initial dismissal motion, JPMorgan and MERS provided Plaintiff with notice that to state a claim under section

---

[3] Plaintiff also argues in her opposition that "it remains unclear whether Defendant JPMorgan received 'kickbacks' or referral fees disproportional to the work performed, which is prohibited under 12 U.S.C. § 2607(a)."  (Opp'n 11:25-27.)  However, Plaintiff's first amended complaint includes no such allegation against JPMorgan. Further, Plaintiff has not indicated why any section 2607 claim is not barred by the applicable one-year statute of limitations.

2605, Plaintiff needed to plead actual damages.  However, Plaintiff's first amended complaint includes the same deficient allegation stated in her original complaint.  Further, Plaintiff's opposition to JPMorgan and MERS' dismissal motion does not address this challenge to her complaint.  Therefore, further amendment would be futile, and Plaintiff's section 2605 claims alleged against JPMorgan are dismissed with prejudice.

**B.   Supplemental Jurisdiction Over Plaintiff's State Law Claims**

After the dismissal of Plaintiff's TILA and RESPA claims, only her state law claims remain pending.  The court, therefore, may sua sponte decide whether to continue exercising supplemental jurisdiction.  See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (suggesting that a district court may, but need not, sua sponte decide whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) once all federal law claims have been dismissed).

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state law] claim" if "the district court has dismissed all claims over which it has original jurisdiction . . . ."  The decision to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) should be informed by the values of economy, convenience, fairness and comity as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1996).  Acri, 114 F.3d at 1001.  Since state courts have the primary responsibility for developing and applying state law, the Gibbs values do not favor retaining jurisdiction in this case.  See Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors

1 | will point towards declining to exercise jurisdiction over the
2 | remaining state-law claims" (quotations and citation omitted)); <u>Curiel
3 | v. Barclays Capital Real Estate Inc.</u>, No. S-09-3074 FCD/KJM, 2010 WL
4 | 729499, at *1 (E.D. Cal. Mar. 2, 2010) (stating "primary
5 | responsibility for developing and applying state law rests with the
6 | state courts" and declining to exercise supplemental jurisdiction
7 | after dismissal of the federal claims); <u>Anderson v. Countrywide Fin.</u>,
8 | No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19,
9 | 2009) (finding that "the <u>Gibbs</u> values do not favor continued exercise
10 | of supplemental jurisdiction" once all federal claims have been
11 | resolved).  Therefore, the court declines to continue exercising
12 | supplemental jurisdiction over Plaintiff's remaining state law claims
13 | and they are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).
14 | Accordingly, this case shall be closed.

Dated:  April 6, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge